UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE SWINDALL CHAMBERS,

                Petitioner,

v.                                      CASE NO. 2:19-CV-11396
                                      HONORABLE PAUL D. BORMAN

MARK MCCULLICK,

                Respondent.

_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, &
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan

prisoner Shane Swindall Chambers ("Petitioner") was convicted of first-degree

criminal sexual conduct using force and causing personal injury, MICH. COMP.

LAWS § 750.520b(1)(f), first-degree home invasion, MICH. COMP. LAWS

§ 750.110a(2), and assault with intent to do great bodily harm less than murder,

MICH. COMP. LAWS § 750.84, following a jury trial in the Kent County Circuit

Court.  He was sentenced, as a fourth habitual offender, MICH. COMP. LAWS

§ 769.12, to life imprisonment on the criminal sexual conduct conviction, a

consecutive term of 25 to 50 years imprisonment on the home invasion conviction,

and a concurrent term of 10 to 50 years imprisonment on the assault conviction in

2014.  In his pleadings, Petitioner raises claims concerning the admission of other

acts evidence, the sufficiency of the evidence, the admission of preliminary

examination testimony for unavailable witnesses and the effectiveness of trial

counsel, the trial court's jurisdiction, and the conduct of the prosecutor (alleged

malicious prosecution).

For the reasons set forth herein, the Court denies the habeas petition.  The

Court also denies a certificate of appealability and denies leave to proceed in forma

pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from a home invasion and assault upon on a

77-year-old woman in Kent County, Michigan on September 19, 2013.  The

Michigan Court of Appeals described the underlying facts, which are presumed

correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d

410, 413 (6th Cir. 2009), as follows:

> According to the evidence introduced at trial, the 77–year–old victim,
> Barbara Andre, was sexually assaulted, beaten, and robbed during a
> home invasion in the early morning hours of September 19, 2013.
> Andre, who was asleep on her sofa when the attack began, could not
> see her assailant, but she testified that, the previous afternoon, a young
> man driving a light-colored car offered to help her carry some
> packages into her house. Defendant drove a tan colored Lexus.
> Further, Andre's snake-skin purse was taken during the home

invasion, and a similar purse was later seen in defendant's possession by Stacy Gatlin, Jeff McKee, Markeeta Minor, Ciesha Minor, and Shannon Colvin. Colvin and others helped defendant use credit cards from the purse to purchase gasoline for others in exchange for drugs. Colvin testified that defendant told him that he got the purse by "hitting a lick," which means to "take something, rob, or steal from somebody else." Defendant also told Colvin that "it shouldn't have took me like two or three times to kick in the door," and Andre's front door was damaged during the home invasion.

After receiving information that the perpetrator of Andre's attack was frequenting McKee's apartment in a tan or brown Lexus, police began to periodically drive pass McKee's apartment and on one such occasion they observed defendant driving the vehicle in question. Police stopped defendant, at which time he fled on foot. When defendant was apprehended, he had Andre's credit card in his possession as well as a credit card belonging to Cathie Nelson. Police also recovered some of Andre's items in the trash outside of McKee's apartment, and police found additional credit cards belonging to Andre in a sewer, where they had been disposed of by Colvin.

Cathie Nelson testified at trial as a MRE 404(b) witness. She explained that, on September 18, 2013, she was moving some items from her home to a storage unit. Defendant, who was Nelson's neighbor at the time, offered to help her move some items, and Nelson declined. Later that day, someone kicked in the sliding doors to Nelson's home and stole items from her house, including credit cards. The prosecution also presented other acts evidence from Joan Schroeder, who testified that, in 2003, when she was approximately 63 years old, she was awakened in her home by a loud noise. Schroeder went to investigate the noise, at which time she was grabbed on the arms by defendant and pushed backwards toward the bed, where defendant then sexually assaulted her. While in her home, defendant told Schroeder that he was attracted to older women.

*People v. Chambers*, No. 323024, 2015 WL 8538928, *1 (Mich. Ct. App. Dec. 10, 2015) (unpublished).

3

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the admission of other acts evidence, the sufficiency of the evidence, and the admission of preliminary examination testimony from unavailable witnesses and a related ineffective assistance of counsel claim.  The court denied relief on those claims and affirmed Petitioner's convictions and sentences.  *Id*. at pp. 2-8.  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Chambers*, 499 Mich. 970, 880 N.W.2d 552 (2016).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising claims concerning the admission of the other acts testimony, the trial court's jurisdiction, his actual innocence, the conduct of the prosecutor (malicious prosecution), the great weight of the evidence, and the effectiveness of appellate counsel.  The trial court denied the motion for lack of merit.  *People v. Chambers*, No. 14-000265-FC (Kent Cnty. Cir. Ct. June 8, 2017).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied for failure to establish that the trial court erred in denying relief from judgment.  *People v. Chambers*, No. 341487 (Mich. Ct. App. Jan. 9, 2018).  Petitioner also filed an application for leave to appeal with the Michigan Supreme

4

Court, which was denied for failure to establish entitlement to relief under

Michigan Court Rule 6.508(D). *People v. Chambers*, 503 Mich. 885, 918 N.W.2d

817 (2018).

Petitioner thereafter filed his federal habeas petition raising the following

claims:

I.    The state trial court violated his due process rights when it allowed the prosecutor to admit propensity evidence.

II.   The state court's rejection of his claim of insufficient evidence (for first-degree criminal sexual conduct) was contrary to or involved an unreasonable application of Supreme Court law.

III.  The state court's rejection of his claim of insufficient evidence (for first-degree home invasion and assault with intent to do great bodily harm less than murder) was contrary to or involved an unreasonable application of Supreme Court law.

IV.   The state court violated his right to a fair trial and to confront witnesses by allowing the prosecutor to admit hearsay statements (and trial counsel failed to object).

V.    The state court did not have jurisdiction to try and convict him from the improper bindover.

VI.   The prosecutor maliciously prosecuted him by not using its resources to uphold justice (and committed misconduct).

Respondent has filed an answer to the habeas petition contending that it

should be denied because the first and fourth claims are procedurally defaulted and

all of the claims lack merit.

## III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal

courts must use when considering habeas petitions brought by prisoners

challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim--
>
> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court

cases]' or if it 'confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme] Court and nevertheless arrives at a result different from

[that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)

(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*,

6

535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of

§ 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court

identifies the correct governing legal principle from [the Supreme] Court but

unreasonably applies that principle to the facts of petitioner's case." *Wiggins v.*

*Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*

*Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's

application of [Supreme Court] precedent 'unreasonable,' the state court's

decision must have been more than incorrect or erroneous. The state court's

application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at

520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus

imposes a 'highly deferential standard for evaluating state-court rulings,' and

'demands that state-court decisions be given the benefit of the doubt.'" *Renico v.*

*Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v.*

*Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of

the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has

emphasized "that even a strong case for relief does not mean the state court's

contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*.  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).  A petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S.

111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.  *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of a state court's decision.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671

(8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A.    Procedural Default

As an initial matter, Respondent contends that part of Petitioner's first and fourth habeas claims are barred by procedural default. The Court declines to address this defense. Procedural default is not a jurisdictional bar to habeas review. *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520

10

U.S. at 525. Such is the case here. The procedural issue is complex and the substantive claims are more readily decided on the merits. Accordingly, the Court shall proceed to the merits of the claims.

### B. Merits

#### 1. Admission of Other Acts Evidence (Habeas Claim I)

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting propensity evidence, i.e. other acts evidence, through the testimony of Cathie Nelson and Joan Schroeder. Respondent contends that this claim is procedurally defaulted in part and that it is not cognizable and lacks merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867,

11

871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007));

*Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Petitioner raised this claim on direct appeal and the Michigan Court of

Appeals denied relief. The court ruled that the other acts evidence was relevant

and properly admitted on the issue of identity as evidence of a common scheme,

plan, or system under Michigan Court Rule 404(b), that its admission was not

unfairly prejudicial under Michigan Court Rule 403 and any prejudice was

mitigated by the jury instruction on the proper consideration of such evidence, and

that if there was an error, such error was harmless due to the significant evidence

of Petitioner's guilt presented at trial. *Chambers*, 2015 WL 8538928 at *2-4.

The state court's decision is neither contrary to Supreme Court precedent

nor an unreasonable application of federal law or the facts. First, the evidence

was properly admitted under Michigan law. State courts are the final arbiters of

state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*,

497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see*

*also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of

state law, including one announced on direct appeal of the challenged conviction,

binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855,

860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Second, Petitioner fails to establish that the admission of the evidence violated due process or rendered his trial fundamentally unfair. As to the admission of other acts evidence, the Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352–53 (1990). Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state court decision can be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id*. at 513; *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner fails to state a claim upon which habeas relief may be granted as to such an issue.

Moreover, Petitioner fails to show that the admission of the evidence rendered his trial fundamentally unfair. The testimony from both witnesses was relevant as evidence of Petitioner's common plan or scheme of offering to assist elderly women, later breaking into their homes, stealing from them and using their credit cards, and/or sexually assaulting them. Furthermore, the risk of unfair

13

prejudice was mitigated by the fact that the trial court instructed the jury on the

proper consideration of the evidence.  Jurors are presumed to follow the court's

instructions.  *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson*

*v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66

(1984) ("Jurors ... take an oath to follow the law as charged, and they are expected

to follow it.").  Petitioner fails to show that the admission of the evidence was

erroneous or, more importantly for purposes of habeas review, that it rendered his

trial fundamentally unfair.  Habeas relief is not warranted on this claim.

## 2.      Sufficiency of the Evidence (Habeas Claims II, III)

Petitioner next asserts that he is entitled to habeas relief because the

prosecutor presented insufficient evidence to support his convictions.  In

particular, he alleges that the prosecutor failed to present sufficient evidence that

he sexually penetrated the victim as to the first-degree criminal sexual conduct

conviction and failed to present sufficient evidence that he was the perpetrator as

to all of the crimes.  Respondent contends that these claims lack merit.

The Federal Due Process Clause "protects the accused against conviction

except upon proof beyond a reasonable doubt of every fact necessary to constitute

the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).

The question on a sufficiency of the evidence claim is "whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d).  *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial."  *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam).  "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court."  *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).  The "mere existence of sufficient evidence to convict ...

15

defeats a petitioner's claim." *Id.* at 788-89.

Under Michigan law, to convict a defendant of first-degree criminal sexual conduct relative to the charged offense, the prosecution must prove that the defendant engaged in sexual penetration with the victim using force or coercion to accomplish that penetration and caused personal injury to the victim. MICH. COMP. LAWS § 750.520b(f); *People v. Perkins*, 468 Mich. 448, 453, 662 N.W.2d 727 (2003). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MICH. COMP. LAWS § 750.520a®; *People v. Garrow*, 99 Mich. App. 834, 837; 298 N.W.2d 627 (1980).

The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the crime. *People v. Oliphant*, 399 Mich. 472, 489, 250 N.W.2d 443 (1976); *People v. Kern*, 6 Mich. App. 406, 409, 149 N.W.2d 216 (1967). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Nowack*, 462 Mich. 392, 399-400, 614 N.W.2d 78 (2000); *People v. Jolly*, 442

16

Mich. 458, 466, 502 N.W.2d 177 (1993); including identity, *Kern*, 6 Mich. App. at 409-10, and intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); *see also Nowack*, 462 Mich. at 402-03.

The Michigan Court of Appeals considered these claims on direct appeal and denied relief. Citing the *Jackson* standard and applicable state law, the court ruled that the victim's testimony, along with that of a nurse who examined the victim, provided sufficient evidence of penetration to establish Petitioner's guilt of first-degree criminal sexual conduct. *Chambers*, 2015 WL 8538928 at *5. The court also ruled that evidence of Petitioner's possession of the victim's credit cards and a purse similar to hers, his comments to Shannon Colvin about kicking in a door and "hitting a lick" and damage to the victim's door during crime, and the victim's testimony that a young man driving a car similar to Petitioner's offered to help her on the day of the crime provided sufficient evidence to establish that Petitioner was the perpetrator of the crimes. *Id.*

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The victim's testimony that she was missing her underwear and that her vaginal area felt raw and sore when she regained consciousness after the assault, along with the

17

examining nurse's testimony that the victim's vaginal area was swollen, had abrasions, and was painful to the touch and that such injuries were consistent with penetration, provided sufficient evidence of penetration to support the first-degree criminal sexual conduct conviction. To be sure, the testimony of a victim alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases). Additionally, the testimony that Petitioner possessed the victim's credit cards and a purse similar to hers after the assault, Colvin's testimony relaying Petitioner's statements about kicking in a door and "hitting a lick" and the damage to the victim's door, and the victim's testimony that a young man driving a car similar to Petitioner's offered to help her on the day of the crime, along with the similar acts evidence, provided sufficient evidence of identity to support all of Petitioner's convictions.

Petitioner challenges the witnesses' credibility and the jury's evaluation of the testimony presented at trial, as well as the inferences the jury drew from the evidence. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does

18

not affirmatively appear in the record – that the trier of fact resolved any such

conflicts in favor of the prosecution, and must defer to that resolution.").  The

jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict,

were reasonable.  The evidence presented at trial, viewed in a light favorable to

the prosecution, established Petitioner's guilt of first-degree criminal sexual

conduct, first-degree home invasion, and assault with intent to commit bodily

harm less than murder beyond a reasonable doubt.  Habeas relief is not warranted

on these claims.

### 3. Admission of Hearsay/Ineffective Assistance (Habeas Claim IV)

Petitioner next asserts that he is entitled to habeas relief because the trial

court erred in admitting hearsay in violation of state law and his confrontation

rights.  Specifically, he alleges that the trial court erred in admitting the

preliminary examination testimony of Stacy Gatlin, Markeeta Minor, and Ciesha

Minor, who did not appear at trial, because the prosecution did not exercise due

diligence in attempting to locate and produce those witnesses.  He relatedly asserts

that trial counsel was ineffective for failing to object to the admission of the

testimony.  Respondent contends that this claim is waived in part, is procedurally

defaulted in part, and lacks merit.

The Michigan Court of Appeals considered this claim on direct appeal and

denied relief. The court ruled that Petitioner waived the due diligence claim because defense counsel expressed satisfaction with the prosecution's efforts to secure the witnesses. The court further ruled that Petitioner failed to establish that trial counsel was ineffective because the admission of the witnesses' preliminary examination testimony was appropriate under state law and did not violate Petitioner's confrontation rights. *Chambers*, 2015 WL 8538928 at *6-8.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Waiver is an "'intentional relinquishment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A criminal defendant who waives rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *Olano*, 507 U.S. at 733-34); *see also Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012) ("waiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors"). The right to confrontation may be waived. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314, n. 3 (2009). In this case, trial counsel essentially agreed that the prosecution exhibited due diligence in attempting to locate and produce the three witnesses and did not object to the

20

admission of their preliminary examination testimony. Consequently, Petitioner has waived review of this aspect of his claim. *See United States v. Chun Ya Cheung*, 350 F. App'x 19, 21-22 (6th Cir. 2009).

Petitioner, however, also asserts that trial counsel was ineffective for failing to object to the admission of the witnesses' testimony. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance

and made all significant decisions in the exercise of reasonable professional

judgment.  *Id.* at 690.  The petitioner bears the burden of overcoming the

presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Id*. at 694.  A reasonable probability is

one that is sufficient to undermine confidence in the outcome of the proceeding.

*Id*.  "On balance, the benchmark for judging any claim of ineffectiveness must be

whether counsel's conduct so undermined the proper functioning of the

adversarial process that the [proceeding] cannot be relied on as having produced a

just result."  *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of

ineffective assistance of counsel claims arising from state criminal proceedings is

quite limited on habeas review due to the deference accorded trial attorneys and

state appellate courts reviewing their performance.  "The standards created by

*Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in

tandem, review is 'doubly' so."  *Harrington*, 562 U.S. at 105 (internal and end

citations omitted).  "When § 2254(d) applies, the question is not whether

counsel's actions were reasonable.  The question is whether there is any

reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

In this case, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct because the underlying claim lacks merit. First, with respect to the admission of the testimony under state law, the Michigan Court of Appeals determined that prosecution exercised due diligence to locate the witnesses by contacting their families and local road patrols such that the witnesses were unavailable and the admission of their preliminary examination testimony was proper under state law. Such a determination is a state law issue, *see, e.g., Collier v. Lafler*, 419 F. App'x 555, 559-60 (6th Cir. 2011), that is binding on federal habeas review. *See Bradshaw v. Richey*, 546 U.S. 74, 75 (2005); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Given the Michigan Court of Appeals' determination that the testimony was properly admitted under state law, Petitioner cannot establish that trial counsel erred or that he was prejudiced by counsel's conduct in this regard. Trial counsel cannot be deemed ineffective for failing to make a futile objection or meritless argument. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010).

Second, as to federal law, Petitioner's confrontation rights were not violated by the admission of the witnesses' preliminary examination testimony. The

23

Confrontation Clause of the Sixth Amendment guarantees a criminal defendant

the right to confront the witnesses against him or her.  U.S. Const., Am. VI.  One

of the main concerns of the Confrontation Clause is to ensure the reliability of

evidence through cross-examination.  *Maryland v. Craig*, 497 U.S. 836, 845

(1990).  The Confrontation Clause thus prohibits the admission of an out-of-court

testimonial statement at a criminal trial unless the witness is unavailable to testify

and the defendant had a prior opportunity for cross-examination.  *Crawford v.*

*Washington*, 541 U.S. 36, 59 (2004).  While the Sixth Circuit has noted that there

is "some question whether a preliminary hearing necessarily offers an adequate

prior opportunity for cross-examination for Confrontation Clause purposes."

*Al–Timimi v. Jackson*, 379 F. App'x 435, 437–38 (6th Cir. 2010) (discussing

*Vasquez v. Jones*, 496 F.3d 564, 577 (6th Cir. 2007)), the Supreme Court has

never held that a defendant is denied the right of confrontation when a witness is

unavailable at trial and the court admits the witness's preliminary examination

testimony.  *Al-Timimi*, 379 F. App'x at 438.

In fact, the Supreme Court has found no Confrontation Clause violation by

the admission of an unavailable witness's prior testimony when there was an

opportunity for cross-examination at the prior proceeding. *See Mattox v. United*

*States*, 156 U.S. 237 (1895) (prior trial testimony); *Barber v. Page*, 390 U.S. 719,

725-26 (1968) (preliminary hearing testimony).  A witness is 'unavailable' for purposes of the exception to the confrontation requirement if the prosecution has made a good faith effort to obtain the witness's presence at trial.  *Barber*, 390 U.S. at 724-25; *Winn v. Renico*, 175 F. App'x 728, 733 (6th Cir. 2006).  "The lengths to which the prosecution must go to produce a witness, however, is a question of reasonableness."  *Winn*, 175 F. App'x at 733 (citing *California v. Green*, 399 U.S. 149, 189, n. 22 (1970) (concurring opinion, citing *Barber*)).  "The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness.... The prosecution bears the burden of proof in this regard."  *Id*. (citations omitted).

In this case, the record shows that the trial court conducted a preliminary examination in which both parties had the opportunity to question the witnesses and did so.  The prosecution was subsequently unable to locate and/or produce those witnesses at trial.  The police attempted to locate and produce the witnesses by contacting their families and/or local road patrols and issuing material witness warrants.  One witness who was contacted was supposed to appear at trial, but failed to do so.  Such efforts were reasonable and diligent under the circumstances such that the witnesses were unavailable at trial.  Petitioner had an adequate opportunity, and the same motive, to question the witnesses at the preliminary

examination.  Consequently, his confrontation rights were not violated by the

admission of the witnesses' preliminary examination testimony at trial.  *See*

*Al-Timimi*, 379 F. App'x at 438-40; *see also Williams v. Bauman*, 759 F.3d 630,

636 (6th Cir. 2014) (citing *Al–Timimi* and denying habeas relief on similar claim).

Given the Michigan Court of Appeals' ruling and this Court's determination that

Petitioner's confrontation rights were not violated by the admission of the

witnesses' preliminary examination testimony, Petitioner cannot establish that

trial counsel erred or that he was prejudiced by counsel's conduct.  As noted, trial

counsel cannot be deemed ineffective for failing to make a futile objection or

meritless argument.  *Tackett*, 956 F.3d at 375; *Hoffner*, 622 F.3d at 499.  Habeas

relief is not warranted on this claim.

### 4.     Lack of Jurisdiction (Habeas Claim V)

Petitioner next asserts that he is entitled to habeas relief because the trial

court lacked jurisdiction to try him due to an improper bindover.  Respondent

contends that this claim is not cognizable and that it lacks merit.

Petitioner raised this claim on post-conviction collateral review and the

state trial court denied his motion for relief from judgment for lack of merit.

*Chambers*, No. 14-000265-FC at *1.

The state court's decision is neither contrary to Supreme Court precedent

26

nor an unreasonable application of federal law or the facts.  The Supreme Court

has held that the Federal Constitution does not require that a probable cause

hearing be conducted prior to a criminal trial.  *Gerstein v. Pugh*, 420 U.S. 103,

119, 125 n. 26 (1975); *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965).

Consequently, the bindover decision constitutes a state law issue which does not

implicate a federal constitutional right and is not subject to review in a federal

habeas proceeding.  *See Tegeler v. Renico*, 253 F. App'x 521, 525-26 (6th Cir.

2007); *Schacks v. Tessmer*, No. 00-1062, 2001 WL 523533, *6 (6th Cir. May 8,

2001) (unpublished) (refusing to review state court determination that

second-degree murder conviction rendered bindover sufficiency of the evidence

challenge moot); *Dorchy v. Jones*, 320 F. Supp. 2d 564, 578-79 (E.D. Mich. 2004)

(denying habeas relief on state prisoner's claim that there was insufficient

evidence to bind him over for trial).  It is well-settled that federal habeas relief is

not available for perceived violation of state law.  *See, e.g., Estelle v. McGuire*,

502 U.S. 62, 67 (1991).[1]

Similarly, the determination of whether a state court is vested with

_____

[1]Even under Michigan law, any error in the preliminary examination
proceeding is considered harmless once a valid conviction has been obtained.  *See
People v. Hall*, 435 Mich. 599, 610-12, 460 N.W.2d 520 (1990); *see also Redmond
v. Worthinton*. 878 F. Supp. 2d 822, 844 (E.D. Mich. 2012).

jurisdiction under state law over a criminal case is a function of the state courts,

not the federal courts. *Wills v. Egeler*, 532 F. 2d 1058, 1059 (6th Cir. 1976) (per

curiam); *Daniel v. McQuiggin*, 678 F. Supp. 2d 547, 553 (E.D. Mich. 2009).

A state court's interpretation of state jurisdictional issues conclusively establishes

jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x

473, 475 (6th Cir. 2001).  Consequently, Petitioner fails to state a claim upon

which federal habeas relief may be granted as to such issues. *See Herron v.

Trierweiler*, No. 18-2353, 2019 WL 6445422, *3 (6th Cir. July 10, 2019) (citing

*Wills, supra*, and denying a certificate of appealability to review such state law

claims).  Habeas relief is not warranted on this claim.

### 5.      Malicious Prosecution (Habeas Claim VI)

Lastly, Petitioner asserts that he is entitled to habeas relief because the

prosecutor engaged in malicious prosecution and committed misconduct during

trial.  Respondent contends that this claim lacks merit.

The United States Supreme Court has stated that prosecutors must "refrain

from improper methods calculated to produce a wrongful conviction." *Berger v.

United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial

misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or

remarks "so infected the trial with unfairness as to make the resulting conviction a

denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)*;*

*Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *see also*

*Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is

the proper standard).

Petitioner raised this claim on post-conviction collateral review and the

state trial court denied his motion for relief from judgment for lack of merit.

*Chambers*, No. 14-000265-FC at *1.

The state court's denial of relief is neither contrary to Supreme Court

precedent nor an unreasonable application of federal law or the facts. Petitioner

first asserts a claim of malicious prosecution, essentially arguing that the

prosecutor charged and prosecuted him based upon slim, improper, and

insufficient evidence. A prosecutor has significant discretion in determining what

charges to file against an accused provided that probable cause exists to believe

that an offense was committed by the accused under the charging statute.

*Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Davis*, 15

F.3d 526, 529 (6th Cir. 1994). A prosecutor, however, may not undertake a

prosecution based upon a vindictive motive, *Bordenkircher*, 434 U.S. at 363, or

based upon race, religion, or some other arbitrary classification. *Oyler v. Boles*,

368 US. 448, 456 (1962). In this case, the prosecutor had probable cause to

believe that Petitioner was guilty of the charged offenses based upon statements from the victim, the examining nurse, his own acquaintances, and the victims' of his other, similar offenses.  To be sure, as the Michigan Court of Appeals and this Court have found, there was sufficient evidence to support his convictions.  There is also no indication in the record that the prosecutor's charging decision was vindictive or based upon any impermissible factors.  Petitioner fails to establish that the prosecutor engaged in a malicious prosecution.

Petitioner also asserts that the prosecutor committed misconduct by bolstering and relying upon the testimony of witness Joan Shroeder.  It is improper for a prosecutor to express his or her own personal opinions about the credibility of a witness.  *United States v. Young*, 470 U.S. 1, 9-10 (1985); *Hodge v. Hurley*, 426 F.3d 368, 378 (6th Cir. 2005).  Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury which supports the charges against the defendant thereby infringing upon the defendant's right to be judged solely based upon the evidence presented and because the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own.  *Young*, 470 U.S. at 18-19; *Cristini v. McKee*, 526 F.3d 888, 901 (6th Cir. 2008); *see also Wilson v. Bell*, 368 F. App'x 627, 633 (6th Cir.

2010) (citing cases).

Petitioner, however, does not explain how the prosecutor improperly bolstered Shroeder's testimony. Conclusory allegations, without evidentiary support, are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Moreover, the trial court found Shroeder's testimony to be relevant and admissible other acts evidence. It is well-settled that a prosecutor's good faith effort to admit evidence does not constitute misconduct, particularly where, as here, the trial court admits the evidence. *Cristini*, 526 F.3d at 900. Petitioner fails to establish that the prosecutor engaged in misconduct which rendered his trial fundamentally unfair.

Petitioner also asserts that the prosecutor denigrated him and his defense. It is inappropriate for a prosecutor to make personal attacks on a defendant or defense counsel. *United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996). Prosecutors may not "make unfounded and inflammatory attacks on the opposing advocate," *Young*, 470 U.S. at 9, "or argue that counsel is attempting to mislead

31

the jury." *West v. Bell*, 550 F.3d 542, 565 (6th Cir. 2008).  Prosecutors may,

however, highlight inconsistencies or inadequacies in the defense, *Bates v. Bell*,

402 F.3d 635, 646 (6th Cir. 2005), point out the lack of evidence supporting the

defense theory, *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005), and

argue from the facts that a defense witness, including a testifying defendant, is not

worthy of belief.  *Portuondo v. Agard*, 529 U.S. 61, 69 (2000); *Cristini*, 526 F.3d

at 901-02.  In this case, Petitioner fails to provide examples of any such conduct

or otherwise support this claim with factual allegations.  As discussed, conclusory

allegations do not provide a basis for habeas relief.  *See Cross*, 238 F. App'x at

39-40; *Workman*, 178 F.3d at 771; *see also Washington*, 455 F.3d at 733.

Petitioner fails to show that the prosecutor engaged in misconduct which rendered

his trial fundamentally unfair.

Petitioner further asserts that the prosecutor engaged in misconduct by mis-

characterizing the evidence, namely the victim's statements about her vaginal pain

and the color of the vehicle she saw on the day of the crime.  While a prosecutor

may not misstate the evidence, *United States v. Carter*, 236 F.3d 777, 784 (6th

Cir. 2001), or argue facts not in evidence, *Abela v. Martin*, 380 F.3d 915, 929 (6th

Cir. 2004), a prosecutor can make arguments based upon the evidence and has

"'leeway to argue reasonable inferences from the evidence' during closing

arguments." *United States v. Crosgrove*, 637 F.3d 646, 664 (6th Cir. 2011) (quoting *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000)).  Such was the case here.  The prosecutor's argument was based on the police officer's testimony relaying the victim's statements about vaginal pain after the crime and the victim's own trial testimony about the light-colored car that she saw on the day of the crime.  Petitioner fails to show that the prosecutor's conduct was improper.

Lastly, Petitioner asserts that the prosecutor engaged in misconduct by presenting testimony from his ex-girlfriend that he had sex with her when she was passed out from drinking.  Such evidence was arguably admissible under Michigan Rule of Evidence 404(b) as evidence to show that Petitioner would have sex with an unconscious victim.  It is well-settled that a prosecutor's good faith effort to admit evidence does not constitute misconduct, particularly where, as here, the trial court admits the evidence.  *Cristini*, 526 F.3d at 900.  Petitioner fails to establish that the prosecutor engaged in misconduct which rendered his trial fundamentally unfair.  Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on his claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

33

Before Petitioner may appeal, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.  This case is **CLOSED**.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2022

34